# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Sabrina D. Davis, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>Bankers Life and Casualty Company, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 6:20-cv-4130-TMC<br><br>**ORDER** |

Plaintiff Sabrina D. Davis ("Davis"), proceeding *pro se* and *in forma* pauperis, brought this action against Defendant Bankers Life and Casualty Company ("Bankers Life") seeking to reopen state court litigation that was dismissed by the Greenville County Court of Common Pleas and unsuccessfully appealed to the South Carolina Court of Appeals. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings and is now before the court on the magistrate judge's Report and Recommendation ("Report") recommending that the court dismiss Davis's action based on both the *Rooker-Feldman* doctrine and *res judicata* principles. (ECF No. 15). Davis filed objections to the Report. (ECF No. 19). This matter is now ripe for review.

## Background

### *Previous Actions*

Davis has been attempting to litigate her bad faith insurance claims against Bankers Life since 2014, in both state and federal court. Davis first sued Bankers Life for bad faith in the Greenville County Court of Common Pleas on February 14, 2014. *See* Greenville County Public Index, https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (enter the plaintiff's name and 2014-CP-23-00815) (last visited March 5, 2021). On May 28, 2014, the state court dismissed this action for improper service but afforded Davis the right to refile and re-serve Bankers Life pursuant to S.C. Code § 15-9-270. *Id*. Rather than refile and re-serve the action, Davis filed an appeal. *Id*. On June 29, 2016, the South Carolina Court of Appeals dismissed the appeal on the grounds that "the underlying order is not immediately appealable pursuant to section 14-3-330 of the South Carolina Code" as it "is not a final adjudication of the case because the circuit court's dismissal without prejudice specifically allows [Davis] to serve and file a complaint alleging the same causes of action in a new case." *Davis v. Bankers Life and Casualty Co.*, No. 2014-1867 (S.C. Ct. App. June 29, 2016).

On August 10, 2016, Plaintiff re-filed the bad faith action against Bankers Life in the Greenville County Court of Common Pleas. *See* Greenville County Public Index, https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.

aspx (enter the plaintiff's name and 2016-CP-23-04733) (last visited March 5, 2021). Bankers Life removed that action to this court on September 19, 2016. *Id.*; *Davis v. Bankers Life and Casualty Co.*, C/A No. 6:16-cv-03100-TMC (D.S.C.) (ECF No. 1). On June 23, 2017, the undersigned entered an order dismissing the case based upon the statute of limitations. *Davis v. Bankers Life and Casualty Co.*, C/A No. 6:16-cv-3100-TMC, 2017 WL 2703972 (D.S.C. June 23, 2017). The Fourth Circuit Court of Appeals affirmed the dismissal on October 23, 2017. *Davis v. Bankers Life and Casualty Co.*, 699 Fed. App'x 234 (4th Cir. 2017). The case was administratively closed following issuance of the mandate from the Fourth Circuit on January 31, 2018. (ECF No. 44). Undeterred, Davis subsequently filed or attempted to file in this court at least fourteen motions seeking various forms of relief, demanding hearings, and asking for emergency reconsideration. *Davis*, C/A No. 6:16-cv-03100-TMC (ECF Nos. 45; 48; 51; 54; 58; 61; 62; 63; 64; 66; 68; 70; 73; 74).

Nearly one year after the Fourth Circuit affirmed the dismissal of her second action, Davis returned to the Greenville County Court of Common Pleas to revisit her *first* case (2014-CP-23-00815) that had been dismissed on May 28, 2014 for improper service. On September 5, 2018, Davis filed an emergency motion asking the state court to vacate the May 28, 2014 order of dismissal which she had unsuccessfully appealed to the South Carolina Court of Appeals. *See* Greenville

County Public Index, https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (enter the plaintiff's name and 2014-CP-23-00815) (last visited March 5, 2021). The state court denied the motion on September 6, 2018, explaining that the motion was "not properly before the court" and noting that her first action had been dismissed and that her subsequent appeal had been dismissed but that she had re-filed the action as a new case which was then removed to federal court. *Id*. As there was no longer a case pending in state court, the state court judge indicated Davis's recourse was in federal court. By that time, however, the Fourth Circuit had affirmed the dismissal of Davis's action, *see Davis*, 699 Fed. App'x 234, and there had been no active case pending in federal court for approximately nine months.

*Instant Action*

On November 30, 2020, Davis returned to federal court and filed the instant action against Bankers Life asserting the same underlying bad faith allegations and seeking an order directing the courts of South Carolina to permit her to perfect service of her original action (2014-CP-23-00815). (ECF No. 1 at 5).

Under 28 U.S.C. § 1915, a federal court may dismiss an action brought *in forma pauperis* if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a Defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The

magistrate judge issued his Report pursuant to § 1915, recommending that the court dismiss this action without issuance and service of process on two grounds. (ECF No. 15). First, the magistrate judge concluded this action it is barred by *res judicata* as Davis's "allegations involve the same insurance contract as alleged" in the action previously dismissed *with* prejudice by this court on statute of limitations grounds. (ECF No. 15 at 3–4); *see Davis v. Bankers Life and Casualty Co.*, 2017 WL 2703972 (D.S.C. June 23, 2017), *aff'd*, 699 Fed. App'x 234 (4th Cir. 2017). Second, the magistrate judge concluded that the court is without jurisdiction to grant the relief requested under the *Rooker-Feldman* doctrine because doing so "would, necessarily, require this court to overrule, or otherwise find invalid, orders from the Greenville County Court of Common Pleas and the South Carolina Court of Appeals." (ECF No. 15 at 5–6). Accordingly, the magistrate judge recommended that the court dismiss this action without prejudice and without issuance and service of process. *Id.* at 6–7. The magistrate judge further recommended that, "in light of the plaintiff's filing history in this court (as well as in the South Carolina state court), . . . the United States District Judge assigned to this case consider the entry of sanctions against the plaintiff in the future should the plaintiff continue to file duplicative litigation in this court." *Id.* at 7.

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).  "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the

same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing her filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

In her objections, Davis first seems to argue that the Report misapplied the *Rooker-Feldman* doctrine because the state court, in denying her emergency motion to proceed with her first lawsuit, explained that the motion was "not properly before

7

the court" as there was no action pending in state court. The state court noted that her first action (2014-CP-23-00815) had been dismissed and unsuccessfully appealed and that her second action had been removed to federal court. Thus, the state court observed that "all matters should be resolved through the federal court." Based on the latter statement, Davis appears to reason that this court's failure to assume jurisdiction over the instant case would invalidate a state court order in contravention of *Rooker-Feldman*. *See* (ECF No. 19 at 1–2). The court rejects this argument.  As the magistrate judge correctly concluded, "[t]o rule in favor of the plaintiff in the present action would, necessarily, require this court to overrule, or otherwise invalidate, orders from the Greenville County Court of Common Pleas and the South Carolina Court of Appeals"—a result clearly prohibited by the *Rooker-Feldman* doctrine. (ECF No. 15 at 6). Davis fails to point to any error in the magistrate judge's *Rooker-Feldman* analysis and the court finds no reason to deviate from the recommendations set forth in the Report as to this issue.  Accordingly, the court overrules this objection.[1]

Davis's other objections largely attempt to re-litigate the statute of limitations issue that was decided by the undersigned in June 2017, *see Davis*, 2017 WL 2703972, and affirmed by the Fourth Circuit in October 2017, *see* 699 Fed. App'x

---

[1] To the extent that Davis raises various challenges to the validity of the *Rooker-Feldman* doctrine itself, (ECF No. 19 at 2–4), the court finds these arguments lack merit and rejects them.

234. (ECF No. 19 at 4–5). These arguments fail to address the basis for the magistrate judge's recommended disposition and the court declines to consider them.

Thus, having thoroughly reviewed the record, the Report, and Davis's objections, the court agrees with the magistrate judge's analysis and conclusions and finds no reason to deviate from the Report's recommended disposition. Accordingly, the court **ADOPTS** the Report, (ECF No. 15), and incorporates it herein. Davis's action (ECF No. 1) is hereby **DISMISSED** without prejudice and without issuance and service of process. Furthermore, the court agrees with the magistrate judge's recommendation that the court consider imposing sanctions *in the future* if the plaintiff continues to file duplicative litigation in district court.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

March 9, 2021
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.